David Sanford (DC SBN 457933 *Pro Hac Vice to be filed*)
dsanford@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
700 Pennsylvania Avenue SE, Suite 300
Washington, DC 20003
Telephone: (202) 499-5200
Facsimile: (202) 499-5199

Danielle Fuschetti (CA SBN 294064)
dfuschetti@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795 2020
Facsimile: (415) 795 2021

Felicia Medina (CA SBN 255804)
fmedina@medinaorthwein.com
MEDINA ORTHWEIN, LLP
1322 Webster St., Suite 200
Oakland, CA 94612
Telephone: (510) 823-2040
Facsimile: (510) 217-3580

*Attorneys for the Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNGHUI CHEN, on behalf of herself and all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>WESTERN DIGITAL CORPORATION AND WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>DEFENDANTS. | Case No.: _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yunghui Chen ("Plaintiff" or "Class Representative"), by and through her attorneys at Sanford Heisler Sharp, LLP and Medina Orthwein LLP, brings this action in her individual capacity, and on behalf of the Collective Action and Rule 23 Classes of women defined below against Western Digital Corporation and Western Digital Technologies, Inc. to redress gender discrimination in employment. Plaintiff alleges upon knowledge as to herself and otherwise upon information and belief as follows:

## I.   <u>INTRODUCTION</u>

1.     Defendant Western Digital Corporation ("WDC") is a data storage company and one of the largest hard disk manufacturers in the world. Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and Western Digital Media, LLC are wholly-owned U.S. subsidiaries of Western Digital Corporation Inc. Western Digital Corporation, Western Digital Technologies, Inc, Western Digital (Fremont), LLC, and Western Digital Media, LLC are collectively referred to as "Defendants." Western Digital Technologies Inc., along with its subsidiaries, Western Digital (Fremont), LLC, and Western Digital Media, LLC, operate many of WDC's U.S. engineering, research, and development functions and offer many of its products and services.

2.     Plaintiff is a former, long-time female employee of Defendants. She brings this action on an individual, class, and collective basis alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Equal Pay Act, 29 U.S.C. §§ 206 *et seq.* ("EPA"), the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 *et seq.* ("FEHA"), the California Equal Pay Act, Cal. Lab. Code § 1197.5 ("CEPA"), California Business and Professions Code § 17200, and the California Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.* ("PAGA"), seeking redress and programmatic change for female employees who have worked or will work for Defendants.

CLASS AND COLLECTIVE ACTION COMPLAINT

## II.    THE PARTIES

**Plaintiff Yunghui Chen**

3.      Plaintiff is a successful female auditor who lives in Irvine, California. She joined Western Digital Technologies, Inc. as a Senior Internal Auditor in the Internal Audit Department in 2005.

4.      In 2008, Plaintiff was promoted to Internal Audit Manager. She remained in that position until her employment ended in September 2016.

**Defendants**

5.      Western Digital Corporation is a data storage company and one of the largest hard disk manufacturers in the world.  Its corporate headquarters are in San Jose, California.  Western Digital Technologies, Inc., is a wholly-owned subsidiary of WDC. Western Digital (Fremont), LLC and Western Digital Media, LLC are wholly-owned subsidiaries of Western Digital Technologies, Inc.

6.      Defendants employ over 5,000 people in the United States, with approximately 1,400 in Irvine, California, which was the Company's Headquarters before February 2017.  Defendants reap $19 billion per year in revenue as of June 2017.

7.      Upon information and belief, Defendants' headquarters in the State of California maintain control, oversight, and direction over the operation of their facilities, including their employment practices.

8.       Plaintiff was employed by Western Digital Technologies, Inc. during all relevant times.

## III.    JURISDICTION AND VENUE

9.      The Central District of California has personal jurisdiction over Defendants because they maintain offices in this District, they do business in California and in this district, and many of the acts complained of and giving rise to the claims alleged herein occurred in California and in this district.

10.      This Court has original subject matter jurisdiction over the claims for

CLASS AND COLLECTIVE ACTION COMPLAINT

violations of Title VII, and the EPA pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). These claims arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims, including claims under the FEHA, the CEPA, California Business and Professions Code §17200 *et seq*., and the PAGA, pursuant to 28 U.S.C. Section 1367. These claims constitute the same case and controversy raised in the claims under federal law.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Defendants conduct substantial business in Irvine, California, which was also the location of their U.S. headquarters throughout the alleged class period. A substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district, the majority of the unlawful employment practices were committed here, and the employment records relevant to those practices are maintained and administered here.

13. Plaintiff has standing to bring this suit and has exhausted her administrative remedies and complied with all statutory prerequisites to maintain Title VII and FEHA claims. Plaintiff dual filed individual and class charges of discrimination with the California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission ("EEOC") on October 7, 2016.

14. On November 14, 2016, Plaintiff filed a notice with the Labor & Workforce Development Agency ("LWDA") asserting claims of pay discrimination in violation of the California Equal Pay Act and caused this notice to be served on Western Digital Corporation and its legal representatives. More than 60 days have elapsed since filing of this notice, and the LWDA has not notified the Parties that it intends to investigate these claims.

15. On January 30, 2017, the Parties entered into a separate tolling

CLASS AND COLLECTIVE ACTION COMPLAINT

agreement.

## IV.   FACTUAL ALLEGATIONS

## A.   DEFENDANTS' INEQUITABLE PAY, PROMOTION, AND PLACEMENT PRACTICES

16.   Men dominate Defendants' leadership and management.   Upon information and belief, the overrepresentation of men in Defendants' leadership is both the source and product of continuing systemic discrimination against female employees.

17.   Defendants discriminate against women by permitting their predominantly male leadership to overtly favor men in pay, promotions, and other opportunities regardless of their qualifications.

18.   Defendants maintain uniform policies and practices with respect to pay, promotions, and job placement. Defendants also cultivate and promote a common, male-dominated corporate culture. During Plaintiff's employment and for a substantial portion of the Class Period, these polices, practices, and values originated in Defendants' headquarters in Irvine, California and were disseminated throughout their branches using common media and methods. These common compensation, promotions, and placement policies and practices have resulted in and perpetuated longstanding, companywide gender discrimination and sex-based disparities with respect to pay, promotions, and job placement.

19.   In recent years, Defendants have used several leveling structures that have produced unjustified disparities in compensation, promotions, and job placement between male and female employees. Rather than provide meaningful, equitable, and objective criteria, these leveling systems cause, perpetuate, and mask pervasive disparities in the working conditions of male and female employees.

20.   Upon information and belief, Defendants rely on a tap-on-the-shoulder promotion process that disparately impacts women and encourages the predominantly male management to engage in a pattern of disparate treatment.

Rather than posting open positions, managers evaluate which, if any, of their reporting employees should be placed into them.

21.   The placement process also calls for managers to consider tainted variables, such as management's personal relationship with and exposure to the candidate and the candidate's track record of career enhancing opportunities. These variables often favor men, in part because of the over-representation of men in Defendants' senior ranks.

22.   Defendants' policies for determining raises and incentive compensation likewise invite discrimination.   Upon information and belief Defendants have used a "Performance Based Salary Adjustment" policy that calls for managers to rate employees according to six vague categories of performance ratings: New Hire, Significantly Below Target, Below Target, On Target, Above Target, and Significantly Above Target. These vague criteria invite managers to rely on their own explicit and implicit biases when determining raises and incentive compensation, leading to gender disparities as a result.

23.   Upon information and belief, Defendants also utilize a system of forced stacked rankings to make incentive compensation decisions. Defendants encourage managers to distribute rankings that determine compensation across a normal curve, a practice called force-stacked ranking. They also instruct managers that there are always some underperforming employees, leaving managers little choice but to find some employees to rate as underperforming, even if none exist. Moreover, managers are instructed to consider tainted variables such as whether the employee is meeting development "goals and values" and whether he or she is a "role model." These vague and subjective criteria encourage reliance on implicit and explicit biases as managers attempt to distinguish between male and female employees performing equally.

24.   Upon information and belief, Defendants' and their senior executives and HR are aware of and condone these inequitable pay, promotion, titling, job

CLASS AND COLLECTIVE ACTION COMPLAINT

placement and other practices, but have taken no steps to remedy the root causes of the disparity.   Defendants are aware of the demographics of their workforce, including the underrepresentation of women in different levels and functions.

**B.    PLAINTIFF YUNGHUI CHEN**

25.    Yunghui Chen ("Ms. Chen," "Plaintiff," or "Class Representative") worked for Western Digital Technologies, Inc. from 2005 through 2016.

26.    Plaintiff holds a dual Bachelors of Arts in Accounting and Banking & Finance from Tamkang University in Taiwan and a Masters of Science in Accountancy from San Diego State University. Plaintiff has been a certified Internal Auditor since 2007 and a certified Public Accountant since 2011.

27.    Ms. Chen joined Western Digital Technologies, Inc. as a Senior Internal Auditor in the Internal Audit Department in 2005 after gaining relevant experience as an Accountant, Staff Auditor, and Senior Accountant.  In 2008, she was promoted to Internal Audit Manager responsible for Channel Compliance.

28.    In January 2013, Plaintiff was asked to transition from the Internal Audit Manager responsible for Channel Compliance to the Internal Audit Manager responsible for Operational Audit so that she could take on many of the responsibilities that the former Senior Internal Audit Manager had after he transitioned to a higher title. Plaintiff was chosen because of her breadth of experience working on Operational Audit projects while simultaneously completing her assignments in Channel Compliance within the Internal Audit Department.

29.    From January 2013 to the conclusion of her employment in September 2016, Plaintiff worked on the Operational Audit projects in the Internal Audit Department. Although she remained an Internal Audit Manager, Ms. Chen was performing many of the tasks of as Senior Manager. For example, Plaintiff independently performed various large-scale audits such as HR & payroll audits, Corporate Treasury review, Financial Close process review, Procurement function

review, Marketing Development Fund review, Marketing Incentive Program review, Expense reviews for the Chairman and Board of Directors, and Anti-bribery and Corruption reviews.  All the while, Ms. Chen supervised senior auditors and an assistant manager, worked directly with employees from entry level positions to Vice Presidents, and reported directly to Defendants' senior management.

30.    Defendants recognized Ms. Chen's breadth of experience in Channel Compliance and Operational Audit Department by tasking her with increased responsibilities in both areas, but, nonetheless, paid her $30,000 less than her male counterparts performing equal and substantially similar work and refused to promote her to Senior Manager, despite promoting similarly situated, less-qualified men.

31.    For example, in or around May of 2012, a male Internal Audit Senior Manager responsible for Operational Audit, was promoted to Director of Internal Audit. In January 2013, Ms. Chen was asked to transition from the Internal Audit Manager responsible for Channel Compliance to the Internal Audit Manager responsible for Operational Audit. WDC made this request so that Ms. Chen could take on many of the responsibilities this male Director  had as a Senior Internal Audit Manager. Ms. Chen was chosen because of her breadth of experience working on Operational Audit projects while simultaneously completing her assignments in Channel Compliance within the Internal Audit Department. From January 2013 to September 2016, Ms. Chen continued working on Operational Audit projects in the Internal Audit Department. Although Ms. Chen remained an Internal Audit Manager and was not given the title of Senior Manager or a pay increase, she was performing much of the same tasks as a Senior Manager at this time.

32.    Despite successfully carrying out the job duties of a Senior Manager for years, Ms. Chen was denied a promotion to the role. Instead, Defendants

CLASS AND COLLECTIVE ACTION COMPLAINT

promoted a male employee with similar, if not less, experience. This male employee with similar responsibilities in Channel Compliance at the HGST subsidiary began working in Western Digital Technologies, Inc.'s Internal Audit Department as a Manager for Channel Compliance in 2013. He took over all of Ms. Chen's previous responsibilities and tasks in Channel Compliance as she transitioned her focus to Operational Audit. After working in the Western Digital Technologies, Inc. Internal Audit Department for one year, this male employee was promoted to Senior Manager. Yet Ms. Chen did not receive the Senior Manager title after working for five years as a Manager in the Internal Audit Department and an additional three years in the Operational Audit Department.

## V.    CLASS ACTION ALLEGATIONS

## A.    DEFENDANTS ENGAGED IN A COMMMON POLICY, PATTERN, AND PRACTICE OF DISCRIMINATION AGAINST THE NATIONWIDE AND CALIFORNIA CLASSES.

33.    Plaintiff re-alleges and incorporates by reference each and every allegation above.

34.    Defendants subjected female employees to a pattern and practice of systemic unlawful disparate treatment and unlawful disparate impact discrimination comprised of (a) assigning female employees to lower classifications than similarly situated male employees performing the same job duties; and (b) paying female employees less than their male counterparts.

35.    These problems affecting pay, promotions, and placement are systemic and Company-wide. They stem from the Company's common employment policies, practices, and procedures, including Defendants' job assignment, leveling, banding, and compensation policies, practices, and procedures. Such policies, practices, and procedures are not valid, job-related, or justified by business necessity and all suffer from: a lack of transparency; inadequate quality standards and controls; insufficient implementation metrics; and

inadequate opportunities for redress or challenge. As a result, employees are evaluated, compensated, developed, and placed within a system that is insufficiently designed, articulated, explained, or implemented to consistently, reliably, or equitably manage or reward employees.

36.     These problems affecting pay, promotions, and placement also stem from centralized decision-making by the Company's compact and predominately male senior leadership team, which maintains centralized control over employees' terms and conditions of employment, and is responsible for formulating, reviewing, and approving the acts, policies, and practices that result in the systemic unlawful disparate treatment and unlawful disparate impact disparate impact of female employees in pay, promotions, and placement.

**B.     CLASS DEFINITIONS**

37.     Plaintiff seeks to maintain claims on her own behalf and on behalf of Classes of similarly situated female employees.

38.     Nationwide Sub-Class (Excluding California). "Nationwide Sub-Class" means women directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in a Covered Position as regular employees in the United States at any time on or after November 1, 2013 (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result of or in connection with an acquisition on or after May 1, 2016), excluding any member of the California Sub-class.

39.     California Sub-Class. "California Sub-Class" means women directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in California in a Covered Position at any time on or after November 1, 2012 (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result of or in connection with an acquisition on or after May 1, 2016).

CLASS AND COLLECTIVE ACTION COMPLAINT

40.  Covered Position. A "Covered Position" means an indirect labor position at the Senior Manager level or below.

41.  Class Representative and the Classes of Western Digital employees that Plaintiff seeks to represent have been subjected to a systemic pattern and practice of gender discrimination in pay, promotions, and placement as well as disparate impact gender discrimination in pay, promotions, and placement by Defendants.

42.  Because of the Company's systemic pattern and practice of gender discrimination in pay, promotions, and placement, Class Representative and the Classes of Western Digital employees that she seeks to represent have been adversely affected and have experienced harm, including the loss of compensation, employment benefits, and opportunities, as well as physical and emotional pain and suffering.

43.  Class Representative and the Classes of Western Digital employees that she seeks to represent seek to maintain claims on Plaintiff's own behalf and on behalf of the foregoing Classes of similarly situated female employees.  Plaintiff seeks to represent all of the female employees described above.  The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

**C.  EFFICIENCY OF CLASS PROSECUTION OF COMMON CLAIMS**

44.  Certification of the foregoing Classes of female employees is the most efficient and economical means of resolving the questions of law and fact that are common to the claims of Class Representative and the respective Classes.  Ms. Chen's individual claims require resolution of the common questions concerning whether Defendants have engaged in a systemic pattern and/or practice of gender discrimination against female employees in pay and promotion and/or whether their facially neutral policies have an adverse effect on the Classes' pay,

promotions, and placement.  The respective Classes seek remedies to eliminate the adverse effects of such discrimination in pay, promotions, and placement.

45.     Plaintiff has standing to seek such relief because of the adverse effects that such discrimination has had on her and on similarly-situated female employees generally.  Defendants caused their injuries through their discriminatory policies, practices, and procedures, as well as their disparate treatment of employees who are female.

46.     To gain such relief for herself, as well as for the respective Class members, Plaintiff will first establish the existence of systemic gender discrimination by Defendants as the premise for the relief she seeks.

47.     Without certifying the aforementioned Classes, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the proposed Classes is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the Class Representative, the proposed Classes, and the Defendants.

**D.     NUMEROSITY AND IMPRACTICABILITY OF JOINDER**

48.     Each Class that the Class Representative seeks to represent is too numerous to make joinder practicable.

49.     Upon information and belief, each Class has more than 40 members.

**E.     COMMON QUESTIONS OF LAW AND FACT**

50.     The prosecution of the claims of the Class Representative will require the adjudication of numerous questions of law and fact common to her claims and those of the Classes that Plaintiff seeks to represent.

51.     The common questions of law include: (a) whether Defendants engaged in unlawful, systemic gender discrimination in their compensation, promotion, and job placement policies, practices, and procedures; (b) whether the failure to institute adequate standards, quality controls, implementation metrics, or

oversight in compensation, promotion, and job placement policies, practices, and procedures violates Title VII, the FEHA, and the California Equal Pay Act; (c) whether the lack of transparency and of opportunities for redress in those systems violates Title VII, the FEHA, and the California Equal Pay Act; (d) whether the failure of upper management and HR to prevent, investigate, or properly respond to evidence and complaints of discrimination in compensation, promotion, and job placement policies, practices, procedures violates Title VII, the FEHA, and the California Equal Pay Act; (e) whether Defendants are liable for a continuing systemic violation of Title VII, the FEHA, and the California Equal Pay Act; (f) a determination of the proper standards for proving a pattern or practice of discrimination in compensation, promotion, and job placement by Defendants against their female employees under the disparate treatment theory of liability; and (g) a determination of the proper standard for proving that Defendants' facially neutral employment practices had a disparate impact on each Class.

52.     The common questions of fact include whether Defendants have, through their policies, practices, and procedures: (a) used a system of assignments to jobs, compensation levels, and compensation bands that lacks meaningful or appropriate standards, implementation metrics, quality controls, transparency, and opportunities for redress; (b) through the use of that system of assignment placed female employees in jobs, compensation levels, and compensation bands lower than similarly situated male employees; (c) systemically, intentionally, or knowingly placed female employees in jobs, compensation levels, and compensation bands lower than similarly situated male employees; (d) used a compensation system that lacks meaningful or appropriate standards, implementation metrics, quality controls, transparency, and opportunities for redress; (e) through the use of that compensation system compensated female employees less than similarly situated male employees in salary, bonus, equity grants, and/or other perquisites; (f) systemically, intentionally, or knowingly

compensated female employees less than similarly situated male employees; (g) used a system for performance evaluations that lacks meaningful or appropriate standards, implementation metrics, quality controls, transparency, or opportunities for redress; (h) through the use of that performance evaluation system inaccurately, unfairly, or disparately measured, classified, and compared female and male employee performance; (i) used Human Resources systems that lack meaningful or appropriate standards, implementation metrics, quality controls, transparency, or opportunities for redress; (j) through relying upon and using these systems minimized or ignored evidence of gender discrimination in pay, promotions, and placement in the workplace and/or otherwise mishandled the investigation of and response to complaints of discrimination in pay, promotions, and placement brought to the attention of senior management and the Human Resources department; (k) systematically, intentionally, knowingly, or deliberately sowed an indifference to evidence of discrimination in pay, promotions, and placement or otherwise minimized, ignored, or mishandled evidence of or complaints of gender discrimination in pay, promotions, and placement.

53.    The employment policies, practices, and procedures to which Class Representative and the respective Classes are subjected are set at the Company's corporate level.   Each policy applies universally within each Class.   These employment policies, practices, and procedures are not unique or limited to any function or business unit; rather, they apply to all function and business units and thus affect Class Representative and the respective Classes in the same ways regardless of the function or business unit in which they work.

**F.    THE TYPICALITY OF CLAIMS AND RELIEF SOUGHT**

54.    The Class Representative's claims are typical of the claims of the respective Classes.

55.    Gender discrimination in pay, promotions, and placement affect the Class Representative and all Class members in the same or similar ways

corresponding to their level within the Company. Class Representative and similarly situated female employees were paid less than similarly situated male employees for equal work and were assigned to lower job classifications than similarly situated male employees.

56.     The relief necessary to remedy the claims of the Class Representative is exactly the same as that necessary to remedy the claims of the Class members in this case.

57.     Class Representative seeks the following relief for her individual claims and for those of the members of the proposed Classes: (a) a declaratory judgment that Defendants have engaged in systemic gender discrimination against the Classes by (1) assigning female employees to lower job titles and classifications than their male counterparts; (2) paying female employees less than their male counterparts; (b) a permanent injunction against such continuing discriminatory conduct; (c) injunctive relief that effectuates a restructuring of the Company's promotion, training, performance evaluation, leveling, and compensation policies, practices, and procedures; (d) back pay, front pay, and other equitable remedies necessary to make the employees whole from Defendants' discrimination; (e) punitive and nominal damages to prevent and deter Defendants from engaging in similar discriminatory practices in the future; (f) compensatory damages; and (g) attorneys' fees, costs, and expenses.

## G.     ADEQUACY OF REPRESENTATION

58.     The Class Representative's interests are co-extensive with those of the respective Classes that she seeks to represent in this case. The Class Representative seeks to remedy the Company's discriminatory employment policies, practices, and procedures so that female employees will no longer be prevented from receiving equal pay and advancing into higher-paying and higher-ranked positions.

59.     Class Representative is willing and able to represent the respective Classes fairly and vigorously as she pursues her claims in this action.

CLASS AND COLLECTIVE ACTION COMPLAINT

60.   Class Representative has retained counsel who are qualified, experienced, and able to conduct this litigation and to meet the time and fiscal demands required to litigate an employment discrimination class action of this size and complexity.  The combined interests, experience, and resources of counsel to litigate competently the Class claims at issue in this case satisfy the adequacy of representation requirement of Federal Rule of Civil Procedure 23(a)(4).

## H.   REQUIREMENTS OF RULE 23(b)(3)

61.   The common issues of fact and law affecting the claims of the Class Representative and proposed Class members, including, but not limited to, the common issues previously identified herein, predominate over any issues affecting only individual claims.  These common issues include whether Defendants have engaged in gender discrimination against female employees by (a) assigning female employees to lower job titles, job levels, career tracks, and classifications than their male counterparts; and (b) paying female employees less than their male counterparts.

62.   A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class Representative and the members of the respective Classes.

63.   The cost of proving the patterns and practices of discrimination by Defendants makes it impracticable for the Class Representative and members of the respective Classes to prosecute their claims individually.

64.   By virtue of Defendants' pattern and practice of discrimination, the Class Representative and Class members are eligible for monetary remedies for losses caused by the systemic discrimination, including back pay, front pay, compensatory damages, and nominal and punitive damages.

## VI.   <u>COLLECTIVE ACTION ALLEGATIONS</u>

65.   Defendants have engaged in systemic gender discrimination in pay against their female employees.  Defendants have caused, contributed to, and

CLASS AND COLLECTIVE ACTION COMPLAINT

perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision-making.

66.     Plaintiff in this action seeks to be appointed as representative of the Collective Action.

67.     The Collective Action Representative brings collective claims alleging violations of the Equal Pay Act of 1963 ("EPA") as a collective action pursuant to 29 U.S.C. § 216(b).   Collective Action Representative seeks to represent all similarly situated employees described above who were paid less than male employees for doing similar work.   The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

68.     Collective Action Plaintiffs. "Collective Action Plaintiffs" means women directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in a Covered Position in the United States at any time on or after November 1, 2013 (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result of or in connection with an acquisition on or after May 1, 2016).

69.     Questions of law and fact common to Collective Action Representative and the respective Collective that she seeks to represent include but are not limited to the following:

a.     Whether members of the Collective were subjected to an unlawful common policy that resulted in unequal pay for equal work;

b.     Whether Defendants unlawfully failed and continue to fail to compensate members of the Collective at a level commensurate with similarly situated male employees;

c.     Whether Defendants' policy, practice, or procedure of failing to compensate members of the Collective at levels commensurate with comparable male employees violates applicable provisions of the EPA;

CLASS AND COLLECTIVE ACTION COMPLAINT

    d.    Whether Defendants' failure to compensate members of the Collective at a level commensurate with comparable male employees was willful within the meaning of the EPA.

70.    Counts for violation of the EPA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by the Collective Action Representative, because her claims are similar to the claims of the Collective Action class that she seeks to represent.

71.    The Collective Action Representative and the Collective Action class that she seeks to represent (a) are similarly situated and (b) are subjected to Defendants' common compensation policies, practices, and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate members of the Collective Action class at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

## VII.  <u>COUNTS</u>

## <u>COUNT 1</u>

## GENDER DISCRIMINATION – PAY, PROMOTIONS, AND PLACEMENT

## (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.)

## (On Behalf of Class Representative, in her Individual and Representative Capacities, and the Nationwide and California Classes Against All Defendants)

72.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

73.    This Count is brought on behalf of Plaintiff in her individual and representative capacities, and all members of the Nationwide and California Classes.

CLASS AND COLLECTIVE ACTION COMPLAINT

74.     Defendants have discriminated against Plaintiff and the Classes in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), by subjecting them to different treatment on the basis of their gender, including by engaging in intentional disparate treatment, and by maintaining uniform policies and practices that have an adverse, disparate impact on them.

75.     Defendants have engaged in an intentional, company-wide and systemic policy, pattern, and/or practice of discrimination against Plaintiff and the Nationwide and California Classes by, among other things: maintaining a discriminatory system of determining compensation; maintaining a discriminatory system of compensation levelling based on job levels and career tacks; and systemically discriminating against women in placement in and promotion to titles, job levels, and career tracks.

76.     These foregoing common policies, practices, and/or procedures have produced an unjustified disparate impact on Plaintiff and the members of the Nationwide and California Classes with respect to pay, promotion, and job placement.

77.     As a result of this disparate treatment and disparate impact discrimination, Defendants have treated Plaintiff and the Nationwide and California Classes differently from and less preferentially than similarly-situated male employees with respect to pay, promotion, and job placement.

78.     Defendants have failed to prevent, to respond to, to investigate adequately, and/or to appropriately resolve this gender discrimination.

79.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of the Class Representative and all members of the Nationwide and California Classes, entitling the Class Representative and all members of the classes to punitive damages.

CLASS AND COLLECTIVE ACTION COMPLAINT

80.     As a result of Defendants' conduct alleged in this Complaint, the Class Representative and the members of the Nationwide and California Classes have suffered and continue to suffer harm, including but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial loss, as well as non-economic damages.

81.     By reason of the continuous nature of Defendants' discriminatory conduct, which persisted throughout the employment of the Class Representative and the members of the Nationwide and California Classes, the continuing violations doctrine applies to all violations alleged herein.

82.     By reason of Defendants' discrimination, the Class Representative and the members of the Classes are entitled to all legal and equitable remedies available for violations of Title VII, including reinstatement and an award of compensatory and punitive damages.  Attorneys' fees and costs should be awarded under 42 U.S.C. § 2000e-5(k).

## COUNT 2

### DENIAL OF EQUAL PAY FOR EQUAL WORK

**(The Fair Labor Standards Act, *as amended by* the Equal Pay Act, 29 U.S.C. §§ 206, *et seq.*)**

**(On Behalf of Class Representative, in her Individual and Representative Capacities and the Collective Action Plaintiffs Against All Defendants)**

83.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

84.     This Count is brought on behalf of Plaintiff in her individual and representative capacities, and all Collective Action Plaintiffs.

85.     Defendants have discriminated against the Class Representative and Collective Action Plaintiffs in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as amended by the Equal Pay Act of 1963 ("EPA").

Defendants have paid the Class Representative and Collective Action Plaintiffs less than similarly-situated male colleagues performing equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

86.    Defendants subjected the Class Representative and the Collective Action Plaintiffs to common discriminatory pay policies, including: a discriminatory system of determining salaries, stock awards, bonuses, and other compensation incentives; discriminating against women in assignment to job level, band, career track, and titles, which results in women receiving lower base and incentive compensation; and other forms of discrimination affecting pay.

87.    The differential in pay between male and female employees was not due to seniority, merit, quantity, or quality of production, but was due to gender.

88.    Defendants caused, attempted to cause, or contributed to the continuation of the wage rate discrimination based on sex in violation of the EPA. Moreover, the foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).  Because Defendants have willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

89.    As a result of Defendants' conduct alleged in this Complaint, the Class Representative and all Collective Action Plaintiffs have suffered and will continue to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as non-economic damages. By reason of the continuous nature of Defendants' conduct, which persisted throughout the employment of the Class Representative and the Class members, the continuing violations doctrine applies to all violations alleged herein.

90.    By reason of Defendants' discrimination, the Class Representative and all Collective Action Plaintiffs are entitled to all legal and equitable remedies available for violations of the EPA including liquidated damages for all willful

violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).  Attorneys' fees should be awarded under 29 U.S.C. § 216(b).

## COUNT 3

**GENDER DISCRIMINATION – PAY, PROMOTIONS, & PLACEMENT**

**(California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.*)**

**(On Behalf of Class Representative, in her Individual and Representative Capacities, and the California Class Against All Defendants)**

91.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

92.    This Count is brought on behalf of Plaintiff in her individual and representative capacities, and all members of the California Class.

93.    Defendants have discriminated against Plaintiff and the California Class in violation of the California Fair Employment and Housing Act (the "FEHA"), Cal. Gov't Code § 12940, et seq., by subjecting them to different treatment because and on the basis of their gender, including by engaging in intentional disparate treatment, and by maintaining uniform policies and practices that have an adverse, disparate impact on them.

94.    Defendants have engaged in an intentional, company-wide and systemic policy, pattern, and/or practice of discrimination against Plaintiff and the California Class by, among other things: maintaining a discriminatory system of determining compensation; maintaining a discriminatory system of compensation levelling based on job levels and career tacks; and systemically discriminating against women in placement in and promotion to titles, job levels, and career tracks.

CLASS AND COLLECTIVE ACTION COMPLAINT

95.     These foregoing common policies, practices, and/or procedures have produced an unjustified disparate impact on Plaintiff and the members of the California Class with respect to pay, promotion, and job placement.

96.     As a result of this disparate treatment and disparate impact discrimination, Defendants have treated Plaintiff and the California Class members differently from and less preferentially than similarly-situated male employees with respect to pay, promotion, and job placement.

97.     Defendants have failed to prevent, respond to, adequately investigate, and/or appropriately resolve this gender discrimination.

98.     Defendants' conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of the Class Representative and all members of the California Class, entitling Class Representative and all members of the California Class to punitive damages.

99.     As a result of Defendants' conduct alleged in this Complaint, the Class Representative and the members of the California Class have suffered and continue to suffer harm, including but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial loss, as well as non-economic damages.

100.     By reason of the continuous nature of Defendants' discriminatory conduct, which persisted throughout the employment of the Class Representative and the members of the California Class, the continuing violations doctrine applies to all violations alleged herein.

101.     By reason of Defendants' discrimination, the Class Representative and the members of the California Class are entitled to all legal and equitable remedies available for violations of the FEHA, including reinstatement and an award of compensatory and punitive damages.

102.     Attorneys' fees should be awarded under Cal. Gov't Code § 12940.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

## COUNT 4

## DENIAL OF EQUAL PAY FOR EQUAL & SUBSTANTIALLY SIMILAR WORK

**(California Equal Pay Act, *as amended by* The California Fair Pay Act, Cal. Lab. Code §1197.5, *et seq.*; California Equal Pay Act, Cal. Lab § 1197.5 (West 2015) (amended 2015))**

**(On Behalf of Class Representative, in her Individual and Representative Capacities, and the California Class Against All Defendants)**

103.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

104.   This Count is brought on behalf of Plaintiff in her individual and representative capacities, and all members of the California Class.

105.   Defendants have discriminated against Plaintiff and all members of the California Class in violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5 (West 2015) (amended 2015), et seq.   Defendants have paid Class Representative and members of the California Class less than similarly-situated male colleagues in the same establishment performing equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

106.   Defendants have discriminated against Plaintiff and all members of the California Class in violation of the California Equal Pay Act, as amended by the California Fair Pay Act, Cal. Lab. Code § 1197.5 et seq.   Defendants have paid Class Representative and members of the California Class less than similarly-situated male colleagues performing substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions.

CLASS AND COLLECTIVE ACTION COMPLAINT

107.   Defendants subjected the Class Representative and the members of the California Class to common discriminatory pay policies, including: a discriminatory system of determining salaries, stock awards, bonuses, and other compensation incentives; a discriminatory system of compensation levelling based on job levels and career tracks; discriminating against women in assignment to job level, band, career track, and titles, which results in women receiving lower base and incentive compensation; and other forms of discrimination affecting pay.

108.   The differential in pay between male and female employees was not due to seniority, merit, or the quantity or quality of production, a bona fide factor other than sex, such as education, training, or experience, but was due to gender. In the alternative, to the extent that Defendants' relied upon one or more of these factors, said factor(s) were not reasonably applied and did/do not account for the entire wage differential.

109.   Defendants caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex.   Moreover, the foregoing conduct constitutes a willful violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5 (West 2015) (amended 2015), et seq., and California Equal Pay Act, as amended by the California Fair Pay Act, Cal. Lab. Code § 1197.5 et seq.   Therefore, a three-year statute of limitations applies to such violations, pursuant to California Equal Pay Act, Cal. Lab. Code § 1197.5(h) (West 2015) (amended 2015), et seq., and California Equal Pay Act, as amended by the California Fair Pay Act, Cal. Lab. Code § 1197.5(i).

110.   As a result of Defendants' conduct alleged in this Complaint and/or Defendants' willful, knowing, and intentional discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as non-economic damages. By reason of the continuous nature of Defendants' conduct, which persisted throughout the

CLASS AND COLLECTIVE ACTION COMPLAINT

employment of the Class Representative and the Class members, the continuing violations doctrine applies to all violations alleged herein.

111.   Plaintiff and the California Class are therefore entitled to all legal and equitable remedies, including doubled compensatory awards for all willful violations.

112.   Attorneys' fees should be awarded under California Labor Code § 1197.5(h).

## COUNT 5

## UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE

**California Business and Professions Code § 17200 *et seq.***

**(On Behalf of Class Representative, in her Individual and Representative, Capacities, and the California Class Against All Defendants)**

113.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

114.   This Count is brought on behalf of Plaintiff in her individual and representative capacities, and all members of the California Class.

115.   Defendants are "persons" as defined under California Business & Professions Code § 17021.

116.   Defendants' willful failure to pay women equally and otherwise to offer women equal employment opportunities as alleged above, constitutes unlawful and/or unfair and/or fraudulent activity prohibited by California Business and Professions Code §17200.  As a result of their unlawful and/or unfair and/or fraudulent acts, Defendants reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and the California Class.  Defendants should be enjoined from this activity.

CLASS AND COLLECTIVE ACTION COMPLAINT

117.   By reason of the continuous nature of Defendants' conduct, which persisted throughout the employment of the Class Representative and the Class members, the continuing violations doctrine applies to all violations alleged herein.

118.   Accordingly, Plaintiff and the California Class members are entitled to restitution with interest and other equitable relief, pursuant to Cal. Bus. & Prof. Code §17203.

## COUNT 6

**CLAIMS UNDER THE PRIVATE ATTORNEYS GENERAL ACT OF 2004**
**(Cal. Lab. Code §2698 *et seq.*)**

**(On Behalf of Class Representative, in her Individual and Representative Capacities, and the PAGA Class Against All Defendants)**

119.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as though fully set forth herein.

120.   Plaintiff brings this claim on behalf of herself and other current and former female employees directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in California in a Covered Position at any time on or after the date that is one year and 65 days prior to the date this Complaint is filed (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result of or in connection with an acquisition on or after May 1, 2016)

121.   The California Private Attorneys General Act of 2004, Cal. Lab. Code §2698, et seq., gives any employee aggrieved by an employer's violation of the Labor Code the right to file an action to recover civil penalties for Labor Code violations.

122.   The California Equal Pay Act, Cal. Lab. Code § 1197.5(a) prohibits employers from "pay[ing…] employees at wage rates less than the rates paid to employees of the opposite sex for substantially similar work, when viewed as a

composite of skill, effort, and responsibility, and performed under similar working conditions," except where the employer demonstrates the wage differential is based upon a seniority system, merit system, system that measures earnings by quantity or quality of production or a bona fide factor other than sex, these factors account for the entire wage differential, and each factor relied upon is applied reasonably. "Prior salary shall not, by itself, justify any disparity in compensation." Cal. Lab. Code § 1197.5(a)(3).

123.  Defendants have violated the California Labor Code by paying women a wage rate less than that paid to men equally for performing equal or substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, in violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5(a).

124.  The above-referenced violations are willful, intentional, and ongoing. Plaintiff, as a private attorney general, seeks to recover the maximum civil penalties for all violations.

125.  On November 14, 2016, Plaintiff filed notice of her PAGA claims for violations of Labor Code Section 1197.5, stemming from pay discrimination and retaliation with the California Department of Labor and Workforce Development and served that notice on Defendants via certified mail.

126.  For wages owed as a result of gender-based pay inequity, Plaintiff seeks the maximum penalties provided by Labor Code Section 210(a), which provides a civil penalty as follows: (1) for any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent of the amount unlawfully withheld. Plaintiff seeks a civil penalty of $200 per pay period per employee, plus twenty-five percent of the unpaid wages owed in the aggregate to current and former female attorneys on whose behalf Plaintiff brings this claim.

CLASS AND COLLECTIVE ACTION COMPLAINT

127. In addition, Plaintiff seeks costs and attorneys' fees under Labor Code Section 2699(g).

## VIII. PRAYER FOR RELIEF ON CLASS, COLLECTIVE, AND PAGA CLAIMS

128. WHEREFORE, the Plaintiff, Class Representative, and Collective Action Representative, on her own behalf and on behalf of the respective Classes and Collective Action Plaintiffs, prays that this Court:

129. Certify this case as a class action maintainable under Federal Rules of Civil Procedure Rule 23(a), (b)(2) and/or (b)(3), on behalf of the proposed Nationwide Class; designate the proposed Class Representative; and designate Plaintiff's counsel of record as Class Counsel for each Class;

130. Certify this case as a class action maintainable under Federal Rules of Civil Procedure Rule 23(a), (b)(2) and/or (b)(3), on behalf of the proposed California Class; designate the proposed Class Representative as representative; and designate Plaintiff's counsel of record as Class Counsel for each Class;

131. Certify this action as a collective action under the EPA on behalf of the Collective Action Representative and the Collective Action class; designate the proposed Collective Action Representative as representative of the Collective Action class; promptly issue notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action, which (1) apprises them of the pendency of this action and (2) permits them to assert timely EPA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and toll the statute of limitations on the claims of all members of the Collective Action class from the date the original Complaint was filed until the Collective members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as Collective Action Plaintiffs;

132. Declare and adjudge that Defendants' employment policies, practices, and/or procedures challenged herein are illegal and in violation of the rights of the

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California Classes, and Collective Action Plaintiffs;

133.   Issue a permanent injunction against Defendants and their partners, officers, trustees, owners, employees, agents, attorneys, successors, assigns, representatives, and any and all persons acting in concert with them from engaging in any conduct violating the rights of Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California Classes, Collective Action Plaintiffs, and those similarly situated as secured by Title VII, and the Equal Pay Act, the FEHA, and the California Equal Pay Act and order such injunctive relief as will prevent Defendants from continuing their discriminatory practices and from engaging in any further unlawful practices, policies, customs, usages, and gender discrimination as set forth herein;

134.   Order Defendants to adjust the wage rates and benefits for the respective Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide Class, and Collective Action Plaintiffs to the level that they would be enjoying but for the Defendants' discriminatory policies, practices, and/or procedures;

135.   Award back pay, front pay, lost benefits, preferential rights to jobs, and other damages for lost compensation and job benefits suffered by Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California Classes, and Collective Action Plaintiffs.

136.   Award nominal, compensatory, and punitive damages to Plaintiff, Class Representative, and members of the Nationwide Classes;

137.   Award nominal and liquidated damages to Plaintiff, the Collective Action Representative, and the Collective Action Plaintiffs in the maximum amount available under the Equal Pay Act;

138.   Order Defendants to make whole Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California

Classes, and Collective Action Plaintiffs by providing them with any other monetary and affirmative;

139.   Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to the Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California Classes, and Collective Action Plaintiffs;

140.   Award Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California Classes, and Collective Action Plaintiffs, all pre-judgment interest and post-judgment interest available under law;

141.   Award Plaintiff, Class Representative, Collective Action Representative, members of the Nationwide and California Classes, and Collective Action Plaintiffs any other appropriate equitable relief;

142.   Award civil penalties pursuant to the California Private Attorneys General Act, Cal. Lab. Code §2698, *et. seq*.

143.   Order that this Court retain jurisdiction of this action until such time as the Court is satisfied that the Defendants have remedied the practices complained of herein and are determined to be in full compliance with the law; and

144.   Award additional and further relief as this Court may deem just and proper.

CLASS AND COLLECTIVE ACTION COMPLAINT

## <u>JURY DEMANDED</u>

Plaintiff demands a trial by jury on all issues triable of right by jury.

Dated: May 14, 2019

                                    Respectfully submitted,

                                    /s/ David Sanford

                                    David Sanford (*Pro Hac Vice to be filed*)
                                    Danielle Fuschetti (CA SBN 294064)
                                    SANFORD HEISLER SHARP, LLP

                                    Felicia Medina (CA SBN 255804)
                                    MEDINA ORTHWEIN, LLP

CLASS AND COLLECTIVE ACTION COMPLAINT