JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUNG-HUI CHEN, on behalf of herself and all others similarly situated,<br>　PLAINTIFFS,<br><br>vs.<br><br>WESTERN DIGITAL CORPORATION AND WESTERN DIGITAL TECHNOLOGIES, INC.,<br>　DEFENDANTS. | Case No.: 8:19-cv-00909-JLS-DFM<br><br>**FINAL JUDGMENT** |

Plaintiff's Motion For Final Approval Of Class Action Settlement and Plaintiff's Motion For Attorneys' Fees, Reimbursement Of Expenses, And Service Award were heard telephonically on November 20, 2020 at or about 10:30 a.m. in the above-entitled Court. On January 6, 2021, the Court issued an order (*see* "Final Approval Order," Doc. 90), (1) Granting Plaintiff's Motion For Final Approval Of Class Action Settlement (Doc. 87) and (2) Granting In Part Plaintiff's Motion For Award Of Attorneys' Fees, Costs, And Service Payment (Doc. 79). For the reasons stated in the Final Approval Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court hereby grants final approval of the Agreement and finds and holds that the class can be certified for settlement purposes and that the proposed settlement is fair, reasonable, and adequate, for the reasons stated in the Final Approval Order, (Doc. 90).

2. Any term with initial capitalization that is not defined herein shall have the meaning provided in the Agreement (*see* Doc. 87-2).

3. The Court confirms that it has jurisdiction over this matter and the parties to it.

4. For purposes of this Judgment, the Court confirms its certification of the Action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, as a class action, composed of the following individuals:

   A. California Sub-Class. "California Sub-Class" means women directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in California in a Covered Position at any time from November 1, 2012 through the date of the Order Granting Preliminary Approval, (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result

of or in connection with an acquisition on or after May 1, 2016), who do not opt out of the monetary relief provisions of the Settlement.

B. Nationwide Sub-Class. "Nationwide Sub-Class" means women directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in a Covered Position as regular employees in the United States at any time from November 1, 2013 through the date of the Order Granting Preliminary Approval, (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result of or in connection with an acquisition on or after May 1, 2016), who do not opt out of the monetary relief provisions of the Settlement, and excluding any member of the California Sub-class.

5. For purposes of this Judgment, the Court confirms its certification of an EPA collective action, pursuant to 29 U.S.C. § 216(b), composed of the following individuals:

A. Collective Action Plaintiffs. "Collective Action Plaintiffs" means women directly employed by Western Digital Technologies, Inc., Western Digital (Fremont), LLC, and/or Western Digital Media, LLC in a Covered Position in the United States at any time from November 1, 2013 through the date of the Order Granting Preliminary Approval (excluding those who became employed by Western Digital Corporation or an affiliated entity as a result of or in connection with an acquisition on or after May 1, 2016) and who opt into the EPA action and settlement by negotiating an EPA Settlement Check and accepting the release of claims under the EPA. Individuals who are sent Notice of the settlement but do not timely negotiate a check representing EPA Settlement Consideration will be deemed no longer to be Collective Action Plaintiffs.

6. For purposes of this Judgment, the Court confirms its appointment of its appointment of David Sanford and Felicia Medina as Lead Class Counsel and Class Counsel respectively, and its appointment of Plaintiff Chen as Class Representative.

7. The Amended Collective And Class Action Settlement Agreement and the Addendum To Amended Collective And Class Action Settlement Agreement (collectively, Exhibit A to the Declaration of David Sanford In Support Of Plaintiff's Motion For Final Approval Of Class Action Settlement (Doc. 87-2)) shall be incorporated into this Judgment as though all terms therein are set forth in full. Pursuant to that Agreement and, as Ordered by this Court:

A. Defendant will pay the Class Settlement Amount of $7,750,000 in the manner set forth in the Settlement Agreement;

B. Defendant will implement the programmatic relief described in §3 of the Agreement.

C. Class Counsel will receive attorneys' fees of $2,382,510 and costs of $123,499 from the Settlement Fund;

D. Settlement administration costs of $97,324 will be deducted from the Settlement Fund and paid to the Settlement Administrator, Rust Consulting, Inc.

E. $75,000 will be deducted from the Settlement Fund and paid to the California Labor and Workforce Development Agency as the Agency's portion of PAGA penalties;

F. Plaintiff will receive a service award of $18,000 from the Settlement Fund for her contribution to the litigation and her services to the Class;

G. The remainder of the Class Settlement Amount will be distributed to the Plaintiff and Settlement Class Members according to the plan of allocation in the Settlement;

    H. The Court confirms its approval of the *cy pres* distribution provided for in the Settlement to Community Legal Aid SoCal and Legal Aid at Work.

    I. The Plaintiff and Settlement Class Members who did not exclude themselves are bound by the terms of the Agreement, including all releases therein, and their claims are dismissed with prejudice.

8. The Court finds that the Notice, and the distribution thereof, satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e), that it was the best practicable under the circumstances, and that it constitutes due and sufficient notice to all persons entitled to the notice of the Agreement. The Court further finds that the Settlement Class Members were given a fair and reasonable opportunity to object to the settlement. Zero (0) Settlement Class Members objected to the settlement. The five (5) Settlement Class Members who made valid and timely requests for exclusion from the Class Action settlement, as well as the one (1) Class Member who made an untimely request for exclusion from the Class Action settlement, are excluded from the Settlement Class and are not bound by this order with respect to Class claims. The two (2) Class Members who also timely excluded themselves from the EPA payment are excluded from the certified EPA Collective and not bound by this Judgment with respect to EPA claims.

9. This Judgment is binding on all Settlement Class Members, except those individuals who validly excluded themselves from the Settlement Class and the Agreement.

10. This action is dismissed with prejudice as to all other issues and as to all parties and claims.

11. Upon the Effective Date, the Releases defined in section 11.1 and 11.3 of the Settlement will bind all Class Members who have not requested exclusion from the Class Settlement.

12. Upon the Effective Date, the Releases defined in section 11.2 and 11.3 of the Settlement will bind all Collective Action Members who negotiate their check for EPA settlement consideration.

13. This Judgment does not, and is not intended to constitute, nor shall it be deemed to constitute, an admission by any party as to the merits, validity, or accuracy of any of the allegations, claims, or defenses of any other party in this case. The Court has made no findings and expresses no opinion concerning the merits, validity, or accuracy of any of the allegations, claims, or defenses in this case.

14. Plaintiffs, including but not limited to the Class Representative, and all Settlement Class Members, and anyone who purports to act on their behalf, shall not bring, assert, or prosecute any claims, actions, or causes of action that assert any of the released Claims against any of the Released Parties.

15. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and this Order.

16. The Court retains continuing and exclusive jurisdiction over the parties and all matters relating to this case, including administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Judgment, except insofar as the Settlement delegates matters to the Special Master.

**It is so ORDERED.**

DATED: January 13, 2021

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE